SHARP, W., J.,
concurring specially.
I agree with the majority opinion in this case in which we uphold the circuit court’s *721 writ of certiorari which invalidated' the Orange County Building Codes Board of Adjustment and Appeals’ order, because it departed from the essential requirements of law. There were multiple grounds for reaching this conclusion, the primary one being denial of Strickland Construction Services Corporation’s (et al) due process rights. I also agree with the circuit court’s decision for these additional reasons: that the Board erred in imposing a limitless suspension of Strickland’s license to practice contracting, because the Board is limited to a specific permit denial or specific conditions, upon a finding of financial irresponsibility or fraud; that because Strickland is a state licensed contractor, discipline such as a suspension, is reserved to the authority of the statewide Construction Industry Licensing Board; and, that the Board did not notify the Department of Business and Professional Regulation of the suspension within fifteen days of the action, as required by section 489.113, Florida Statutes (2008).
I agree with the majority opinion’s disposition of the attorney fee issue. The recent case of Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla.2005), is instructive as to how an appellate or reviewing court should handle section 57.105 attorney-fee awards. With regard to the award of attorney fees against the Board below by the circuit court, our review is made impossible by the fact that the circuit court merely granted Strickland’s motion for attorney fees without making any specific findings, based on the record. I would agree with the majority opinion that this issue can. be remanded to the circuit court for a statement of the findings and identification of the basis for its award of attorney fees, provided it is supported by the record, for conduct engaged in by the attorneys for the Board or the Board, in the proceedings before the circuit court.
The standard of whether OCB failed to raise a justiciable issue of law or fact, and a finding of frivolousness standard has been superseded by the revised statute:
(1) Upon the court’s initiative or motion of any, party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
(2) Paragraph (l)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
§ 57.105(1) and (2), Fla. Stat.
In addition, the award should state clearly whether the sanctions are imposed against the Board itself, counsel, or both. This requires that the circuit court make the good-faith determinations set forth in section 57.105(1)[1] and (2). Boca Burger.

. Losing party’s attorney not personally responsible if he or she had acted in good faith, *722 based on the representations of his or her client as to the existence of those material facts.